UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE)

| | |
|---|---|
| ISTVAN DIOSSY <br>        Plaintiff, <br><br>  - against – <br><br> MULLIGAN'S BEACH HOUSE BAR <br> AND GRILL <br><br>        Defendant. | 9:19-cv-81356 (RKA) <br><br> ECF Case |

## MOTION FOR LEAVE TO FILE A
## FIRST AMENDED COMPLAINT

   Plaintiff Istvan Diossy ("Plaintiff") via undersigned counsel, respectfully submits

this motion pursuant to Rule 15(a)(2) for leave to file a first amended complaint for the

purpose of substituting the named defendant in this action.  The amending pleading will

seek to add as a defendant Mulligan's Acqusition Inc. and to remove Mulligan's Beach

House Bar and Grill.  A copy of the proposed First Amended Complaint is attached

hereto as Exhibit A.


## LEGAL STANDARD

   Federal Rule of Civil Procedure 15(a)(2) states that a court "should freely give

leave [to amend a pleading] when justice so requires." *See F5 Capital v. Pappas*, 856

F.3d 61, 88-89 (2d Cir. 2017). The Rule's standard is a "permissive" one that embodies a

"strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd.*

v. *Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (internal citations omitted).

Rule 21 empowers the court may to add or drop a party at any time, on just terms.

However, the same standard of liberality applies under either rule 21 or Rule 15(a).

*Duling v. Gristede's Operating Corp.,* 265 F.R.D. 91, 96-97 (S.D.N.Y.2010) (internal

quotation marks and citations omitted).

In *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) the

Supreme Court specified that leave to amend is generally granted in the absence of factors

such as bad faith, undue delay, prejudice to the opposing party, or futility of amendment. *See*

*also Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008). The mere presence of one of

these factors may not be enough to support a denial for leave to amend. For example, delay

alone, in the absence of bad faith or prejudice, is usually not a sufficient reason for denying a

motion to amend. *Id.* Some courts in this Circuit have even clarified that "[t]he rule … has

been to allow a party to amend its pleadings in the absence of a showing by the non[-]movant

of prejudice or bad faith." *Hutter v. Countrywide Bank, N.A.*, 41 F. Supp. 3d 363, 371

(S.D.N.Y. 2014) (quoting *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,* 626

F.3d 699, 725 (2d Cir. 2010)); *Anderson v. Greene*, No. 14 CIV. 10249 (KPF), 2017 WL

3503686, at *7 (S.D.N.Y. Aug. 16, 2017).

Furthermore, the proposed amendment may be done at any stage of the litigation.

"The policy of allowing amendments to be made at any time during the litigation is sound."

§1488 Amendments With Leave of Court—Timeliness of Motion to Amend, 6 Fed. Prac. &

Proc. Civ. § 1488 (3d ed.).  Finally, Defendant has the burden to show that the proposed

amendment would prejudice it. *Green v. Dist. Council 1707, Am. Fed'n of State, Cty., &*

*Mun. Employees, AFLCIO*, No. 13 CIV. 8671 PAE, 2015 WL 4621107, at *1 (S.D.N.Y. Aug.

3, 2015) (collecting cases).

**A**RGUMENT

1.      **Defendant Cannot Show Prejudice**

In determining what constitutes prejudice, a court considers whether the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute…" *Block v. First Blood Assocs*., 988 F.2d 344, 350 (2d Cir. 1993) (collecting cases); *Vasto v. Credico* (USA) LLC, No. 15 CIV. 9298 (PAE), 2016 WL 3926466, at *2 (S.D.N.Y. July 18, 2016). The non-moving party has the burden to show any prejudice of the proposed amendment. *Green*, 2015 WL 4621107, at *1.

First, the proposed amendment would not require the Defendant to expend significant additional resources to conduct discovery. However, even if the Defendant objects to expending additional resources as a result of the proposed amendment, "complaints of 'the time, effort and money ... expended in litigating [the] matter,' without more, [do not] constitute prejudice sufficient to warrant denial of leave to amend." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017).

Second, no significant delay to the resolution of this case would result. "To the extent that this amendment would cause the need for any additional discovery, there is ample time to take such discovery." *Vasto*, 2016 WL 3926466, at *2; *Affiliated FM Ins. Co. v. Liberty Mech. Contractors, Inc.,* No. 12 CIV. 5160 KPF, 2013 WL 4526246, at *7 (S.D.N.Y. Aug. 27, 2013) ("As discovery is ongoing, and trial is not anticipated to begin for several months, the amendment would not significantly delay the resolution of this case. This is not a case in which Defendants have requested, at the eleventh hour, to assert an amendment that would cause undue prejudice to Plaintiff. At this stage in the

litigation, Plaintiff has ample time, in advance of trial or any dispositive motion practice, to prepare its defense.").

## 2.     Defendant Cannot Show Undue Delay

Delay alone, in the absence of bad faith or prejudice, is not a sufficient reason for denying a motion to amend. *Ruotolo,* 514 F.3d at 191. In order deny a motion to amend, the Court must find that the undue delay so prejudices the Defendant that the liberal application of Rule 15 is inappropriate. *See Themis Capital, LLC v. Democratic Republic of Congo*, No. 09 Civ. 1652 (PAE), 2013 WL 1687198, at *5 (S.D.N.Y. Apr. 18, 2013) (amendment made "on the eve of a motion for [ ] summary judgment," after discovery had been ongoing for eight months, would prejudice plaintiffs by "defer[ring] the anticipated summary judgment motion by several months"); *Franconero v. Universal Music Corp.*, No. 02 Civ. 1963 (BSJ), 2011 WL 566794, at *6 (S.D.N.Y. Feb. 11, 2011) (denying leave to amend because movant waited nine years and made the request "[w]ell after briefing on Defendant's motion for summary judgment was complete"); *Zubulake v. UBS Warburg LLC*, 231 F.R.D. 159, 162 (S.D.N.Y. 2005) (denying leave to amend because defendants "waited twenty-two months, until the eve of trial, to assert the defense").

Here, the timing of Plaintiff's motion does not involve any undue delay.  The named Defendant has yet to enter an appearance in the action.  The parties have not begun discovery and no scheduling order has been entered.

## 3.     Defendant Cannot Show Futility

"A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." *Pappas*, 856 F.3d at 89 (quoting *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 (2d Cir. 2015)). "Thus, the standard for denying leave to amend based on

futility is the same as the standard for granting a [Rule 12(b)(6) ] motion to dismiss." *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015); *AEP Energy*, 626 F.3d at 726 ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact."); *Dougherty v. Town of North Hempstead Board of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir.2002).

Accordingly, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As when considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded facts and draw all reasonable inferences in the moving party's favor. *See Dougherty*, 282 F.3d at 91–92 (reversing district court's denial of amendment as futile because, although defendants "vigorously dispute[d]" plaintiff's version of events, "proposed amended complaint adequately set[ ] forth specific facts, which if proven, c[ould] support a finding of [defendants' liability]"

Here, Defendant cannot show that the amendments to the pleading would not meet the Rule 12(b)(6) standard of pleading a plausible cause of action. The nucleus of the action remains the same.

### 4.     Defendant Cannot Show Bad Faith

Finally, Defendant cannot show that Plaintiff has acted in bad faith with the proposed amendment. As discussed above, Plaintiff has sought to amend in a reasonably practicable time after it was discovered that the defendant would need to be added.

For the foregoing reasons, and in furtherance of justice, Plaintiff respectfully requests that the Court grant this motion for leave to file an Amended Complaint, in the form attached hereto as Exhibit A.


## **CONCLUSION**

For the foregoing reasons, and in the further interests of justice, the Court should GRANT Plaintiff's motion for leave to file a first amended complaint.


Respectfully submitted,

CHRISTIAN SANCHELIMA P.A.

**By s/Christian Jay Sanchelima**
Christian Jay Sanchelima
235 SW Le Jeune Rd, 2nd Floor
Miami, FL 33134
(305) 297-6491
Email: chris@sanchelima.com

LIEBOWITZ LAW FIRM, PLLC

**By: s/RichardLiebowitz/**
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
(516) 233-1660
rl@liebowitzlawfirm.com
(*Pro Hac Vice Forthcoming*)


*Attorneys for Plaintiff*